JUDGE KOELTL

09 CV 9153

UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

Edward Caines

           **Plaintiff**

-against-

Vandenberg Chase and Associates, LLC
and Agent Thomas

           **Defendant**
-----------------------------------------------------------X

Docket No.

RECEIVED NOV - 3 2009 U.S.D.C. S.D.N.Y. CASHIERS

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Plaintiff is suing the Defendants because the defendant harassed and abused the Plaintiff in an attempt to collect a debt. Defendant's acts include threatening to have the Plaintiff arrested; impersonating law enforcement; falsely informing Plaintiff's friend that Plaintiff was had committed a crime and was facing "jail time";illegally converting Plaintiff's money; and falsely threatening Plaintiff with a lawsuit.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; as well as for violations of common law.

3. Defendants actions as alleged herein constitute crimes against the Plaintiff.

4.   According to 15 U.S.C. 1692:

(a)   There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Injunctive relief is available pursuant to New York state law. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

6. Plaintiff, Edward Caines, is a natural person residing in New York County, New York. Plaintiff is a consumer as defined by the FDCPA.

7. Defendant Vandenberg Chase and Associates, LLC (VCA) is a limited liability company engaged in the business of collecting debts in this state with its principal place of business located in Georgia. The principal purpose of Defendant is the collection of debts

using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant "Agent Thomas" is a natural person who on information and belief was employed by VCA at all times relevant to this complaint.

9. Defendants are all "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

10. The Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of the other Defendants. Vandenberg Chase and Associates, LLC is responsible and liable for the acts of its employees. Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff repeats paragraphs "1" through "11" as if fully restated herein.

12. The Defendants allege that the Plaintiff owes a consumer debt (the debt) to a company called Ace Check Cash Express. ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services.

13. In or around July 2009 the Defendant who represented himself as "Agent Thomas" telephoned a friend of the Plaintiff named Nelson Griffin. "Agent Thomas" informed Mr. Griffin that they were looking for Plaintiff.

14. After learning of the Defendants statements to Mr. Griffin, Plaintiff contacted the Defendants. Plaintiff spoke to "Agent Thomas." "Agent Thomas" informed Plaintiff that he was going to be charged along with nine other people for a "check fraud" conspiracy. Agent Thomas informed Plaintiff that if Plaintiff allowed Defendant to immediately withdraw $100.00 from the Plaintiff's checking account, the Defendants would stop the criminal charges against the Plaintiff. The Defendants then took $100.00 from the Plaintiff's checking account.

15. Thereafter, on or about September 29, 2009 Agent Thomas again telephoned the Plaintiff's friend Nelson Griffin. The Defendants informed Nelson Griffin that the Plaintiff was going to be facing a criminal charge in the "2nd degree" and that Plaintiff was facing "jail time."

16. The Defendants do not have the right to collect the alleged debt from Plaintiff.

17. After learning of this second call to Mr. Griffin, the Plaintiff again contacted the Defendants and inquired about the defendants alleged right to collect the alleged debt. The Defendants hung up the phone while Plaintiff was attempting to inquire about the Plaintiff's alleged right to collect the alleged debt.

18. In or around the beginning of October 2009 "Agent Thomas" again telephoned the Plaintiff and indicated to the Plaintiff that the Plaintiff had a pending matter that needed to be addressed.

19. On or about October 22, 2009 "Agent Thomas" again contacted Plaintiff and indicated that there was a lawsuit filed against the Plaintiff. "Agent Thomas" indicated that the Plaintiff was going to be prosecuted for passing bad checks.

20. On or about October 22, 2009, "Agent Thomas" again contacted Nelson Griffin relating the alleged debt.

21. The Defendant has not provided the Plaintiff with the notices required by 15 USC 1692g.

22. The Defendant has never provided the Plaintiff with the notices required by 15 USC 1692e(11).

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

24. Defendant's actions as described herein violated the following provisions of the FDCPA:

   a. 15 U.S.C Section 1692e;

   b. 15 U.S.C Section 1692e(1)

   c. 15 U.S.C Section 1692e(2)

   d. 15 U.S.C Section 1692e(3)

   e. 15 U.S.C Section 1692e(4)

   f. 15 U.S.C Section 1692e(5)

   g. 15 U.S.C Section 1692e(7)

    h. 15 U.S.C. Section 1692e(8)

    i. 15 U.S.C Section 1692e(10)

    j. 15 U.S.C Section 1692e(11)

    k. 15 U.S.C. Section 1692c(b)

    l. 15 U.S.C Section 1692d;

    m. 15 U.S.C. Section 1692d(1)

    n. 15 U.S.C Section 1692d(2)

    o. 15 U.S.C. Section 1692d(6); and

    p. 15 U.S.C. Section 1692g(a).

## VI. CAUSES OF ACTION FOR NEGLIGENT DEBT COLLECTION AND GROSSLY NEGLIGENT DEBT COLLECTION

25. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

26. Defendant was aware that it is illegal under New York State and Federal Law to engage in the conduct described herein. Plaintiff relied upon the protection afforded him under New York and Federal Law. It was foreseeable that Defendant's continuation of their illegal conduct would cause damage to the Plaintiff. Defendant owed the Plaintiff a duty and special duty of reasonable care in the manner in which they attempted to collect the alleged debt.

27. Defendant's actions constitute a crime under the New York General Business Law Article 29H. Defendant owed Plaintiff a duty and a special duty to abide by the criminal statutory proscriptions of New York law.

28. Defendant's actions and omissions as described herein constitute negligence in that Defendant owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

29. Defendant's actions and omissions as described herein constitute gross negligence in that Defendant owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. Defendant's actions were willful, malicious, and wanton. Defendant's actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

30. Plaintiff has been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

31. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VII. CAUSES OF ACTION FOR NEGLIGENT AND GROSS NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION AGAINST THE CORPORATE DEFENDANT

32. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

33. On information and belief, the Defendant does not properly train or supervise the employees that they use to collect alleged debts. On information and belief, it is the policy of the corporate Defendant to engage in actions consistent with the Defendant's actions described herein. On information and belief, Defendant hires, trains, supervises and retains employees with a complete disregard of their ability or propensity to abide by federal and state debt collection laws.

34. Defendant was negligent in the hiring, retention, training, and/or supervision of its employees. Defendant's actions and omissions constitute negligence in that Defendant owed Plaintiff a duty and a special duty to hire, retain, train, and/or supervise its employees properly, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

35. The actions and omissions of Defendant as described herein constitute grossly negligent hiring, retention, training, and/or supervision in that Defendant owed Plaintiff a duty and a special duty to hire, retain, train, and/or supervise its employees properly, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. The actions of Defendant were willful, malicious, and wanton. The actions of Defendant were highly unreasonable and demonstrate an extreme departure from ordinary care.

36. Plaintiff has been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

37. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VIII. CAUSES OF ACTION FOR NEGLIGENCE PER SE

38. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

39. Defendant's conduct as described herein violated various New York State statutes.

40. Defendant's actions as described herein violated New York General Business Law Article 29H. (NYFDCPA)

41. Plaintiff is within the class of people intended to be protected by New York General Business Law Article 29H. (NYFDCPA)

42. Defendant's actions as described herein violated 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

43. Plaintiff is within the class of people intended to be protected by 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

44. Defendant's' violations of the above referenced statutes proximately caused damage to the Plaintiff.

45. Defendant is liable for negligence per se.

46. Plaintiff has been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

## IX. DEFAMATION

47. Plaintiffs repeats the foregoing paragraphs as if fully restated herein.

48. Defendants maliciously published false and defamatory statements about Plaintiffs in that, within one year of the filing of this action, Defendants falsely informed Nelson Griffin that Plaintiff was facing "jail time" and that Plaintiff was going to be facing charges in the "second degree."

49. Defendants' false statements indicate that Plaintiff had committed a crime.

50. Defendants' false statements are defamatory on their face, and constitute libel per se.

51. Defendants' false statements are defamatory and constitute slander.

52. Defendants do not have just cause or excuse for such defamatory statements.

53. Defendants' knew or should have known that their statements were false.

54. Defendants' false statements are injurious to the Plaintiffs' reputation, esteem and good will. Along with other damages as further alleged herein, Defendants' false statements also caused the Plaintiffs to suffer emotional distress and Plaintiffs seeks compensation for such in an amount to be determined upon the trial of this action.

## X. DAMAGES

55. Because of the acts and omissions of Defendants as herein described, the Plaintiff has suffered emotional damage and physical pain and suffering. In addition, the Plaintiff will incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary. Further, Defendants' acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

A. Injunctive relief prohibiting the Defendants from contacting the Plaintiff without properly identifying themselves in violation of New York and Federal law;

B. Actual damages pursuant to the FDCPA and common law claims;

C. Statutory damages pursuant to the FDCPA;

D. Nominal damages;

E. Costs and reasonable attorney's fees pursuant to the FDCPA;

F. Punitive damages pursuant to the state common law claims;

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Joseph Mauro